IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
FRANCIS ANTHONY GRANDINETTI,  )    CIV. NO. 13-00169 SOM/RLP
II, #A0185087,                )
                              )
          Petitioner,         )    DISMISSAL ORDER
                              )
     vs.                      )
                              )
RICH INTERNATIONAL AIRWAYS,   )
et al.,                       )
                              )
          Respondents.        )
_____ )
```

**DISMISSAL ORDER**

Petitioner Francis Anthony Grandinetti, II, who is confined in the Saguaro Correctional Center ("SCC"), has filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.  Petitioner appears to again challenge his transfer to an out-of-state facility in 1995, a claim he has pursued numerous times.  *See e.g.*, Civ. Nos. 13-00666 JMS; 13-00005 SOM; 13-00010 SOM; 13-00039 LEK; 13-00103 JMS.

The Petition is largely incoherent.  Petitioner alleges that Rich International Airways transported him from Hawaii to another state in 1995, although the "correct airliner is United Airlines from New York (1970)."  Pet. ECF No. 1 PageID #2.  Petitioner labels this a deportation and a "Bivens arrest" by the airlines and its employees.  *Id.*  Petitioner also says this was

an "'Endo style' internship and exile" and asserts that the Anti-terrorism and Effective Death Penalty Act is unlawful.  *Id.*

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 states that a district judge "must dismiss" a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Summary dismissal is appropriate when the petition is "patently frivolous or false."  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)).

Here, the Petition is patently frivolous; the court must therefore dismiss it.  *See Mayle v. Felix*, 545 U.S. 644, 669-70 (2005) ("the purpose of the heightened pleading standard in habeas cases is to help a district court weed out frivolous petitions before calling upon the State to answer").  Moreover, because the court dismissed as time-barred an earlier habeas petition by Petitioner, *see* Civ. No. 05-00254 DAE, and the Ninth Circuit Court of Appeals denied a certificate of appealability, this Petition may be second or successive, and Petitioner may need permission from the Ninth Circuit to file it.  *See* 28 U.S.C. § 2244(b); *Cooper v. Calderon*, 274 F.3d 1270, 1273-74 (9th Cir. 2001).  Petitioner provides no evidence that he has sought or received such permission, or that the present matter could not have been included in the earlier case or involves a separate

conviction.  To the extent Petitioner seeks *in forma pauperis* status, it is DENIED and the Petition is DISMISSED without leave to amend.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, April 15, 2013.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

*Grandinetti v. Rich Int'l Airlines*, 1:13-cv-00169 SOM/RLP; G:\docs\joni\000 CMECF.emailed for filing\2013 emailed for filing\04.15  Grandinetti 13-169 som (dsm friv no lv amd).wpd